JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

YAN KOROL, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff  Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite A
Huntingdon Valley, PA 19006 215-364-5030

## DEFENDANTS

FULTON FRIEDMAN & GULLACE, LLP; ASSET ACCEPTANCE, LLC; and DOES 1 through 10, inclusive

County of Residence of First Listed Defendant  Macomb County, MI
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 462 Naturalization Application |  | Under Equal Access |
|  | Employment | ☐ 463 Habeas Corpus - |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | Alien Detainee |  | ☐ 950 Constitutionality of |
|  | Other | ☐ 465 Other Immigration |  | State Statutes |
|  | ☐ 440 Other Civil Rights | Actions |  |  |

(Torts PRISONER PETITIONS column:)
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

(Personal Injury torts:)
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.
Brief description of cause:
FDCPA Claim

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
                  Brief Description: <u>Unauthorized reception of cable service</u>

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:   1957 Greymont Street Philadelphia, PA 19116

Address of Defendant: 28405 Van Dyke Avenue Warren, MI 48090; P.O. Box 1630 Warren, MI 48090

Place of Accident, Incident or Transaction:   Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes ☐   No ☐

Does this case involve multidistrict litigation possibilities?      Yes ☒   No ☐

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes ☐   No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Eric Rayz, Esq. , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 3/4/2013        _____        87976

Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/4/13        _____        87976

Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

KOROL, individually and                          :        CIVIL ACTION
on behalf of all others similarly situated       :
                              v.                 :
                                                 :
FULTON FRIEDMAN & GULLACE, LLP, et al.           :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| ___3/4/2013___ | _____ | ___Plaintiff_____ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| _215-364-5030_ | _215-364-5029_ | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAN KOROL, individually and on behalf of all others similarly situated<br><br>PLAINTIFF(S)<br><br>v.<br><br>FULTON FRIEDMAN & GULLACE, LLP; ASSET ACCEPTANCE, LLC; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S) | CLASS ACTION COMPLAINT<br><br><br>Civil Action No.: |

Yan Korol, ("Korol" or "Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## I.    INTRODUCTION

1.    This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692 *et seq*., the Pennsylvania Fair Credit Extension Uniformity Act (hereinafter "FCEUA"), 73 P.S. §§ 2270 *et seq.*; and the Unfair Trade Practices and Consumer Protection Law (hereinafter "UTPCPL"), 73 Pa.C.S. §§ 201.1 *et seq.*

## II.    THE PARTIES

2.    Plaintiff is an adult, citizen of the Commonwealth of Pennsylvania, who resides in the city of Philadelphia.

3.    Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA, FCEUA, and UTPCPL.

4.    Defendant, FULTON FRIEDMAN & GULLACE, LLP (hereinafter "FFG"), is a

foreign entity with its offices located at 28405 Van Dyke Ave, Warren, Michigan 48090. Defendant FFG is a law firm operating as a limited liability partnership that does business as collection firm. Moreover, it maintains offices in the Commonwealth of Pennsylvania, as well as the States of Arizona, California, Illinois, Maryland, Michigan, New Jersey, New York, Ohio, Tennessee, and Texas.

5.      Defendant, ASSET ACCEPTANCE, LLC (hereinafter "AALLC"), is a foreign entity with its offices located at 28405 Van Dyke Ave Warren, MI, 48090. Defendant AALLC is a collection agency that specializes in purchasing and collecting charged-off consumer debt. Defendant AALLC is a wholly-owned subsidiary of Asset Acceptance Capital Corp.

6.      Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

7.      Defendants AALLC and FFG are "debt collectors" as that term is defined and/or contemplated within the scope of FDCPA and/or FCEUA.

8.      Defendants AALLC and FFG regularly use instrumentalities of interstate commerce in a business of collection of debts in default and/or regularly collects or attempt to collect, directly or indirectly, consumer debts owed or due (or asserted to be owed or due) another.

9.      On information and belief and based on investigation of counsel, FFG manages

all of AALLC's collection litigation in key states, and has hired a number of attorneys formerly employed in-house by AALLC.

10.     At all times material hereto, Defendants AALLC and FFG acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendants.

### III.     JURISDICTION AND VENUE

11.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

12.     In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the Pennsylvania state law claims because those claims derive from a common nucleus of operative facts.

13.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14.     The Eastern District of Pennsylvania is the proper venue for this litigation pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendants are subject to personal jurisdiction in this district.

### IV.     STATEMENT OF FACTS

15.     On January 22, 2013, FFG sent Plaintiff a form collection letter in an attempt to collect a consumer debt on behalf of AALLC.  AALLC was designated as an assignee of debt originally owed to Citibank (South Dakota), NA.  A true and correct copy of this correspondence is marked and attached hereto as Exhibit "A."

16.     The January 22, 2013 collection letter uses the following large letterhead of

FFG's name, which is prominently featured at the top of the correspondence:

## FULTON FRIEDMAN & GULLACE, LLP

### COLLECTIONS, CONSULTING & LITIGATION
LICENSED IN AZ, CA, DC, FL, IL, MD, MI, NJ, NY, OH, PA, TN, TX & VA

PO BOX 2123                 TOLL FREE 877-496-4802
WARREN, MI 48090-2123                           EXT. 0

17.     FFG's letterhead is designed to resemble a law firm's letterhead and to simulate an attorney's involvement with the correspondence and/or the alleged debt being collected.

18.     Upon reviewing the letter and noticing the name of FFG in large font, Plaintiff was misled into believing that an attorney was involved in collecting his debt and that an attorney could (and would) take legal action against him, notwithstanding that the letter included a statement that "no attorney with this firm has personally reviewed the particular circumstances of [Plaintiff's] account."  *See* Exhibit "A."

19.     Almost immediately after receiving FFG's letter, on January 28, 2013, Plaintiff contacted FFG to contest the purported debt.

20.     During a telephone conversation with FFG's representative, Plaintiff informed FFG that the debt did not belong to Plaintiff, because he did not recall the alleged debt and the purported account number did not match anything that appeared on Plaintiff's recent credit report.

21.     Accordingly, Plaintiff requested that FFG stop contacting him about the alleged debt.

22.     In response, FFG's representative stated, *inter alia*, that:

a.      The alleged debt at issue was originated in 1997 and the last payment was received in 2010;

4

> b.   FFG is not just a collection company, but a law firm; and
>
> c.   FFG will sue Plaintiff in state and federal courts to collect the alleged debt at issue.

23.   In addition, contrary to the representation made in FFG's own letter of January 22, 2013, FFG's representative stated that FFG will continue to contact Plaintiff about the alleged debt and there is nothing that Plaintiff can do about FFG's collection efforts.

24.   At the conclusion of the telephone call, Plaintiff disputed the alleged debt and asked for its validation.

25.   Thereafter, relying on FFG's representations, Plaintiff ran his credit report and confirmed, yet again, that the purported account number did not match anything that appeared on Plaintiff's credit report.

26.   Plaintiff believes, and thereupon avers, that on or after January 28, 2013, FFG informed AALLC that Plaintiff was disputing his alleged debt to AALLC.

27.   After January 28, 2013, AALLC knew and/or should have known that Plaintiff was disputing his alleged debt to AALLC.

28.   At some point after January 28, 2013, FFG and/or AALLC submitted and/or otherwise caused negative information to be placed and/or recorded on Plaintiff's credit report with Experian Services Corporation (hereinafter "Experian") and Trans Union, LLC (hereinafter "Trans Union") – credit reporting business (often referred to as a "CRAs") – regarding Plaintiff's alleged debt to AALLC.

29.   When Plaintiff ran his credit report on February 15, 2013, he immediately noticed that AALLC submitted negative information about his alleged debt to Experian and Trans Union, which was false and/or conflicting.  A true and correct copy of the relevant pages from Plaintiff's

credit report is marked and attached hereto as Exhibit "B."

30.     Indeed, whereas the information AALLC provided to Experian reflects that Plaintiff's alleged account was open on "1/1/2011," the information submitted to Trans Union was that the account was open on "1/17/2011." *See* Exhibit "B."

31.     Importantly, the information AALLC provided to Experian and Trans Union concerning the alleged opening of Plaintiff's account conflicts with what Plaintiff was explicitly told by FFG representatives who were attempting to collect upon this account.

32.     Moreover, AALLC notified Experian that Plaintiff's account was being disputed, however no such notice was ever provided to Trans Union. *See* Exhibit "B."

33.     On January 30, 2013, Plaintiff called FFG again and, for the second time, requested that FFG stop contacting him about the alleged debt, because it belonged to someone else.

34.     In response, FFG's representative reported to Plaintiff that the debt at issue was from Plaintiff's personal credit card.

35.     Although FFG's representative acknowledged that FFG had no documentation regarding the alleged obligation (such as account statements), he declared that it was originated in 1997 and the last payment was received in 2008.

36.     FFG's representative also repeatedly stated that, if Plaintiff did not make immediate payment arrangements, FFG will instantaneously put the account "into litigation."

37.     Relying on FFG's representations (e.g., that it is a law firm and that a lawsuit would be instantaneously filed) and concerned that he was about to be sued, Plaintiff retained legal counsel.

38.     On February 1, 2013, Plaintiff's legal counsel contacted FFG and advised FFG

that Plaintiff is being represented in connection with FFG's attempts to collect a debt from Plaintiff.

39.     During the telephone conversation, FFG's representative confirmed Plaintiff's account information, verified that this is the only account that FFG was seeking to collect from Plaintiff, acknowledged that Plaintiff was now represented by legal counsel, and, upon request, provided Plaintiff's counsel with FFG's fax number – (813) 569-0877 – for a follow-up correspondence.

40.     Several minutes after the telephone conversation ended, Plaintiff's counsel facsimiled a letter of representation to FFG's offices, whose receipt at 8:37 a.m., on February 1, 2013, was confirmed by a printout.  A true and correct copy of this correspondence is marked and attached hereto as Exhibit "C."

41.     FFG has not contacted Plaintiff's counsel since receiving the letter of February 1, 2013.

42.     However, on February 9, 2013, Plaintiff received another letter from FFG regarding the alleged debt.  FFG's correspondence to Plaintiff, after having been notified that Plaintiff was represented by counsel, violated the FDCPA, 15 U.S.C. § 1692(c)(a)(2).  A true and correct copy of this letter is marked and attached hereto as Exhibit "D."

43.     As illustrated below, FFG's letterhead featured in this letter was slightly different from the one used in FFG's earlier correspondence.  *See* Exhibits "A" and "D."

---

**FULTON FRIEDMAN & GULLACE, LLP**

COLLECTIONS, CONSULTING & LITIGATION

LICENSED IN AZ, CA, DC, FL, IL, MD, MI, NJ. NY, OH, PA, TN, TX & VA

Toll Free (877) 276-2787
Fax (586) 834-1552
PO BOX 2123
WARREN MI 48090-2123

---

44.     The second version of FFG's letterhead was also clearly designed to simulate an attorney's involvement with the correspondence and/or the alleged debt being collected.

45.     Indeed, the letter of January 31, 2013, was signed "Very Truly Yours, FULTON FRIEDMAN & GULLACE, LLP" but was not signed by an individual attorney.  *See* Exhibit "D."

46.     Importantly, FFG's letter of January 31, 2013, did not contain any statement regarding attorney non-involvement with Plaintiff's account.  *See* Exhibit "D."

47.     Furthermore, although FFG's latest letter appears to have been dated January 31, 2013, it was not stamped for mailing until February 4, 2013 (as evidenced by the date stamped on the envelope) – after FFG was notified (orally and in writing) that Plaintiff was represented by legal counsel, and that FFG was not authorized to contact Plaintiff directly.  A true and correct copy of the envelope at issue is marked and attached hereto as Exhibit "E."

48.     FFG's direct communications with Plaintiff even after FFG was formally notified (orally and in writing) that Plaintiff was represented by legal counsel further exemplified FFG's threat that FFG will continue to contact Plaintiff about the alleged debt and there is nothing that Plaintiff can do about FFG's collection efforts.

49.     Contrary to FFG's earlier representations, the letter of January 31, 2013 stated that the last payment for the alleged debt was made in 2010.

50.     The collection letters of January 22, 2013 and January 31, 2013 are on a law firm letterhead and, as such, plainly imply attorney involvement.

51.     Upon information and belief, no attorney was involved with Plaintiff's alleged debt, because FFG sends form collection letters substantially similar to the letter sent to Plaintiff *en masse*, without meaningful attorney involvement, and solely in its capacity as a debt collector

8

(not a *bona fide* law firm).

52.     Indeed, upon information and belief, the letters at issue could not have been reviewed by an individual attorney from FFG, because these letters are drafted and/or generated *en masse* by a computer and/or FFG's support staff, and further, the form letters only reference the law firm itself, lacking a signature from a specific attorney identified as the attorney responsible for the file.

53.     Moreover, if an attorney was involved with the file at this point of the process, he or she would have violated both the FDCPA and the professional rules of ethics by continuing to contact Plaintiff after being notified of his representation by counsel.

54.     As such, the inclusion of a law firm letterhead falsely implies that the collection of the account at issue has been escalated by the hiring of a law firm to take steps that a generic collection agency cannot carry out, including (but not limited to) the filing of a lawsuit to collect the account.

55.     Moreover, the sentence contained in the first letter purporting to disclose that "no attorney with this firm has personally reviewed the particular circumstances of [Plaintiff's] account" does not ameliorate the effect of the collection letter sent on a law firm letterhead, which is prominently featured in all of FFG's letters.

56.     Furthermore, the statements of FFG's representative that a lawsuit would be instantaneously initiated, if Plaintiff did not make immediate payment arrangements with FFG were false.

57.     Indeed, FFG had no ability or intention to immediately file a lawsuit against Plaintiff.

58.     As a result of the conduct of AALLC and FFG, Plaintiff sustained actual

damages, including (but not limited to) injury to Plaintiff's reputation, damage to Plaintiffs' credit, and out-of-pocket expenses.

59.     Moreover, as a further result of the actions of AALLC and FFG, Plaintiff is incurring damages in the form of an artificially reduced Fair Isaac Corporation Score (commonly known as a "FICO Score") or other similar calculation and/or formula for evaluating creditworthiness, and further damages through artificially increased financing costs for items purchased by Plaintiff.

60.     Defendant FFG's conduct, as detailed herein, is (and was) unfair, misleading, deceptive and unconscionable, and, accordingly, violated the provisions of the FDCPA.

61.     Defendant FFG violated 15 U.S.C. § 1692e by representing to Plaintiff that communications were originating from an attorney, when in reality the communications were mass-mailed letters and no attorney was involved.

62.     Further, Defendant FFG violated the provisions of 15 U.S.C. § 1692c(a)(2) by directly communicating with Plaintiff after it had been put on notice that Plaintiff was represented by counsel.

63.     Defendant AALLC and/or Defendant further violated the FDCPA, specifically 15 U.S.C. § 1692e(8) by failing to communicate to each of the credit reporting agencies that the debt was being disputed.

64.     By violating the FDCPA, Defendants AALLC and FFG committed *per se* violations of the FCEUA and the UTPCPL.

65.     Defendants AALLC and FFG knew or should have known that their actions violated the FDCPA, the FCEUA, and the UTPCPL.

66.     Defendants' conduct, as alleged herein, is (and was) deliberate, intentional,

reckless, willful, and wanton.

67. Plaintiff has been (and will continue to be) financially damaged due to Defendants' conduct, as set forth herein.

68. Plaintiff has suffered and will continue to suffer actual damages due to Defendants' conduct, as set forth herein.

69. Plaintiff avers that AALLC's and FFG's conduct, as described herein, was not limited to the circumstances described herein, but was, and is, habitual, systematic, ongoing, and unrelenting in Defendants' business model and practice.

70. In fact, Defendant FFG has engaged in conduct similar (if not identical) to the allegations set forth in this Complaint and has been subject to other lawsuits in this regard within the Eastern District of Pennsylvania. *See e.g.*, *Ayoub v. Fulton Friedman & Gullace, LLP*, 2:12-cv-04297 (E.D.Pa.); *Spann v. Fulton Friedman & Gullace, LLP*, Docket No. 2:12-cv-04603 (E.D.Pa.); *Martin v. Fulton Friedman & Gullace, LLP*, Docket No. 2:12-cv-02896 (E.D.Pa.).

## CLASS ACTION ALLEGATIONS

71. Plaintiff brings this action on behalf of himself and classes of similarly-situated individuals pursuant to Fed.R.Civ.P. 23.

72. Plaintiff brings this action as a nationwide class action for Defendant FFG's violations of the FDCPA on behalf of the following classes of individuals comprised of:

73. All natural persons nationwide who received correspondence from Defendant Fulton Friedman & Gullace during the statutory period covered by this Complaint and whose file had not been reviewed by a licensed attorney (the "FFG FDCPA Class").Plaintiff also brings this action as a nationwide class action for Defendant FFG's violations of the FDCPA on behalf of the following classes of individuals comprised of:

11

> All natural persons nationwide who disputed a debt to AALLC during the statutory period covered by this Complaint and whose credit report file had not been updated to reflect the debt was disputed (the "AALLC FDCPA Class").

74.     Plaintiff further brings this action as a Pennsylvania state class action for Defendant FFG's violations of the FCEUA and UTPCPL on behalf of the following class of individuals:

> All natural persons in the Commonwealth of Pennsylvania who received correspondence from Defendant Fulton Friedman & Gullace during the statutory period covered by this Complaint and whose file had not been reviewed by a licensed attorney (the "FFG PA Class").

75.     Plaintiff also brings this action as a Pennsylvania state class action for Defendant AALLC's violations of the FCEUA and UTPCPL on behalf of the following class of individuals:

> All natural persons in the Commonwealth of Pennsylvania who disputed a debt to AALLC during the statutory period covered by this Complaint and whose credit report file had not been updated to reflect the debt was disputed (the "AALLC PA Class").

76.     The number of individuals in each of the Classes is so numerous that joinder of all members is impracticable.  The exact number of members of the Classes can be determined by reviewing Defendants' records.  Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in each defined Class.

77.     Plaintiff will fairly and adequately protect the interests of the Classes, and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

78.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

79.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, members of the Classes likely will not obtain redress of their injuries, and Defendants will retain the proceeds of their violations of the FDCPA, FCEUA and the UTPCPL.

80.     Furthermore, even if any member of the Classes could afford individual litigation against the Defendants, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

81.     There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

      a.     Whether Defendants are debt collectors, as that term is defined under the FDCPA and FCEUA;

      b.     Whether Defendant FFG falsely represented that communications originated from an attorney;

      c.     Whether Defendant AALLC failed to inform all credit reporting agencies of all disputed debts;

      d.     Whether Defendant FFG's communications violated the FDCPA ; and

      e.     Whether Plaintiff and the members of the Classes have sustained damages and, if so, the proper measure of damages.

82.    Plaintiff's claims are typical of the claims of members of the Classes.  Plaintiff and members of the Classes have sustained damages arising out the same wrongful and uniform practices of the Defendants.

83.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### COUNT I
### FDCPA
### (On behalf of the FFG FDCPA Class)

84.    Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

85.    Defendant FFG is a "debt collector" as that term is defined and/or used in the FDCPA , 15 U.S.C. § 1692a(6).

86.    Plaintiff is a "consumer' as that term is defined and/or used in the FDCPA , 15 U.S.C. § 1692a(3).

87.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt, including (but not limited to):

      a.     Making a false representation of the character, amount or legal status of any debt, 15 U.S.C. § 1692e(2)(A);

      b.     Making a false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §

1692e(3);

    c.      Threatening to take any legal action that is not intended to be taken, 15 U.S.C. § 1692e(5); and

    d.      Using any false representation or deceptive means to collect or attempt to collect any debt, 15 U.S.C. § 1692e(10).

88.    Additionally, Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

89.    Defendants violated the above-referenced provisions of the FDCPA, including (but not limited to) engaging in the following conduct, with respect to the debt:

    a.      Sending out collection letters in bulk, to Plaintiff and others, over law firm letterhead where no  attorney had meaningful involvement in sending the letter;

    b.      Engaging in harassment, oppression, and abuse;

    c.      Using unfair or unconscionable means in its collection efforts; and

    d.      Making false, deceptive, and/or misleading representations.

90.    As result of Defendant FFG's violations of the FDCPA, Plaintiff and the members of the FFG FDCPA Class have suffered damages in an amount to be determined at trial.

**COUNT II**
**FDCPA**
**(On behalf of Plaintiff)**

91.    Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

92.    Plaintiff is a "consumer' as that term is defined and/or used in the FDCPA , 15 U.S.C. § 1692a(3).

93.    Defendant FFG is a "debt collector" as that term is defined and/or used in the FDCPA, 15 U.S.C. § 1692a(6).

94.    As detailed above, Plaintiff retained counsel to represent him against Defendant FFG, believing legal proceedings were going to be initiated against him.

95.    On February 1, 2013 counsel for Plaintiff notified Defendant FFG that Plaintiff was represented by counsel and all further direct contact with Plaintiff should cease regarding the debt allegedly owed to Defendant AALLC.

96.    On or about February 4, 2013, Defendant caused a letter to be delivered to Plaintiff directly concerning the debt allegedly owed to Defendant AALLC.

97.    Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt. . .**if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address**, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . .

15 U.S.C. § 1692c(a)(2)(emphasis supplied).

98.    Defendants' direct communications with Plaintiff do not fall within any of the exceptions articulated in 15 U.S.C. § 1692c(a)(2).

99.    Defendant's direct communication with Plaintiff, after having been put on notice that Plaintiff was represented by counsel, violated the FDCPA.

100.    As result of Defendant FFG's violations of the FDCPA, Plaintiff has suffered damages in an amount to be determined at trial.

**COUNT III**

## FDCPA
### (On behalf of the AALLC FDCPA Class)

101.    Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

102.    Defendant AALLC is a "debt collector" as that term is defined and/or used in the FDCPA, 15 U.S.C. § 1692a(6).

103.    Plaintiff is a "consumer' as that term is defined and/or used in the FDCPA , 15 U.S.C. § 1692a(3).

104.    Defendant AALLC communicated credit information, specifically Plaintiff's disputed debt, to certain credit reporting agencies, including Experian and TransUnion.

105.    Despite being put on notice that Plaintiff disputed the debt, Defendant AALLC failed to notify TransUnion that the debt was in dispute.

106.    Section 1692e of the FDCPA states that a debt collector violates the FDCPA if the debt collector fails to communicate that a disputed debt is disputed.

107.    As result of Defendant AALLC's violations of the FDCPA, Plaintiff and the members of the AALLC FDCPA Class have suffered damages in an amount to be determined at trial.

## COUNT IV
## FCEUA
### (On Behalf of the FFG PA Class)

108.    Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

109.    Section 2270.4 of the FCEUA states that "[i]t shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the" FDCPA.  73 P.S. § 2270.4(a).

110.    As described herein, Defendant FFG's actions violated the applicable provisions of the FCEUA independently and, collaterally, as a statutory violation of the FDCPA.  73 P.S. § 2270.4(a).

111.    A violation of the FCEUA is also a *per se* violation of the UTPCPL.  73 P.S. § 2270.5(a).

112.    As described herein, Defendant FFG's conduct violates the applicable provisions of the FCEUA independently and, collaterally, as a statutory violation of the UTPCPL.  73 P.S. § 2270.5(a).

113.    As result of Defendant FFG's violations of the FCEUA, Plaintiff and the members of the FFG PA Class have suffered damages in an amount to be determined at trial.

**COUNT IV**
**FCEUA**
**(On Behalf of the AALLC PA Class)**

114.    Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

115.    Section 2270.4 of the FCEUA states that "[i]t shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the" FDCPA.  73 P.S. § 2270.4(a).

116.    As described herein, Defendant AALLC's actions violated the applicable provisions of the FCEUA independently and, collaterally, as a statutory violation of the FDCPA. 73 P.S. § 2270.4(a).

117.    A violation of the FCEUA is also a *per se* violation of the UTPCPL.  73 P.S. § 2270.5(a).

118.    As described herein, Defendant AALLC's conduct violates the applicable

provisions of the FCEUA independently and, collaterally, as a statutory violation of the UTPCPL.  73 P.S. § 2270.5(a).

119.    As result of Defendant AALLC's violations of the FCEUA, Plaintiff and the members of the AALLC PA Class have suffered damages in an amount to be determined at trial.

**COUNT V**
**UTPCPL**
**(On Behalf of the FFG PA Class)**

120.    Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

121.    Plaintiff and Defendant FFG are "persons," as defined by Section 201-2(2) of the UTPCPL.

122.    The UTPCPL declares unlawful and prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . directly or indirectly affecting the people of this Commonwealth."  73 Pa.C.S. §§ 201-2(3), 201-3.

123.    Section 201-2(4) of the UTPCPL defines "unfair or deceptive acts or practices" to include the following conduct:

> (xvii). Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

124.    In addition, a violation of the FCEUA is deemed a separate and independent statutory violation of the UTPCPL.  73 P.S. § 2270.5(a).

125.    Section 201-9.2(a) of the UTPCPL authorizes a private cause of action for any person "who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by [the UTPCPL]."

19

126.     As described herein, Defendant FFG is engaged in a "trade or commerce . . . directly or indirectly affecting the people of this Commonwealth."  73 Pa.C.S. §§ 201-2(3), 201-3.

127.     As described herein, Defendant FFG's conduct falls within the aforementioned definitions of "unfair or deceptive acts or practices."  73 Pa.C.S. § 201-2(4).

128.     As described herein, Defendant FFG's conduct was "unfair."

129.     As described herein, Defendant FFG's conduct was "deceptive."

130.     As described herein, Defendant FFG's conduct creates and/or causes "a likelihood of confusion or of misunderstanding."

131.     As described herein, Defendant FFG's conduct violates the applicable provisions of the UTPCPL independently and, collaterally, as a statutory violation of the FCEUA.

132.     Pursuant to the UTPCPL, Plaintiff and the members of the FFG PA Class are entitled to actual and statutory damages.

133.     Moreover, UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations of the UTPCPL, as well as reasonable attorneys' fees.

**COUNT VI**
**UTPCPL**
**(On Behalf of the AALLC Class)**

134.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

135.     Plaintiff and Defendant AALLC are "persons," as defined by Section 201-2(2) of the UTPCPL.

136.     The UTPCPL declares unlawful and prohibits "[u]nfair methods of competition

and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . directly or indirectly affecting the people of this Commonwealth."  73 Pa.C.S. §§ 201-2(3), 201-3.

137.    Section 201-2(4) of the UTPCPL defines "unfair or deceptive acts or practices" to include the following conduct:

> (xvii).  Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

138.    In addition, a violation of the FCEUA is deemed a separate and independent statutory violation of the UTPCPL.  73 P.S. § 2270.5(a).

139.    Section 201-9.2(a) of the UTPCPL authorizes a private cause of action for any person "who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by [the UTPCPL]."

140.    As described herein, Defendant AALLC is engaged in a "trade or commerce . . . directly or indirectly affecting the people of this Commonwealth."  73 Pa.C.S. §§ 201-2(3), 201-3.

141.    As described herein, Defendant AALLC's conduct falls within the aforementioned definitions of "unfair or deceptive acts or practices."  73 Pa.C.S. § 201-2(4).

142.    As described herein, Defendant AALLC's conduct was "unfair."

143.    As described herein, Defendant AALLC's conduct was "deceptive."

144.    As described herein, Defendant AALLC's conduct creates and/or causes "a likelihood of confusion or of misunderstanding."

145.    As described herein, Defendant AALLC's conduct violates the applicable provisions of the UTPCPL independently and, collaterally, as a statutory violation of the

FCEUA.

146.    Pursuant to the UTPCPL, Plaintiff and the members of the AALLC PA Class are entitled to actual and statutory damages.

147.    Moreover, UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations of the UTPCPL, as well as reasonable attorneys' fees.

## V.    CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant(s) for:

(a)    A Declaration that Defendants have violated the applicable provisions of the FDCPA, FCEUA and UTPCPL;

(b)    An Order designating this action as a class action pursuant to Federal Rule of Civil Procedure 23;

(c)    An Order appointing Plaintiff and his counsel to represent the Classes;

(d)    An Order enjoining Defendant from any further violations of the FDCPA, FCEUA and UTPCPL;

(e)    Actual damages;

(f)    Statutory damages;

(g)    Treble damages;

(h)    Attorneys' fees and costs; and

(i)    Such other relief as the Court shall deem just and appropriate.

## VI.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURE ON THE NEXT PAGE)**

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Eric Rayz, Esquire
E-mail: erayz@kalraylaw.com
Attorney(s) for Plaintiff(s)
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Phone: (215) 364-5030
Fax: (215) 364-5029

FARUQI & FARUQI, LLP
Gerald D. Wells, III, Esquire
Email:  jwells@faruqilaw.com
Date: <u>March 4, 2013</u>                      Robert J. Gray, Esquire
Email:  rgray@faruqilaw.com
101 Greenwood Ave.
Suite 600
Jenkintown, PA 19046
Telephone:  (215) 277-5770
Facsimile:  (215) 277-5771

# EXHIBIT "A"

# FULTON FRIEDMAN & GULLACE, LLP

## COLLECTIONS, CONSULTING & LITIGATION
### LICENSED IN AZ, CA, DC, FL, IL, MD, MI, NJ, NY, OH, PA, TN, TX & VA

PO BOX 2123                          TOLL FREE 877-496-4802
WARREN, MI 48090-2123                          EXT. O

January 22, 2013

Re: Asset Acceptance, LLC Assignee of Citibank (South Dakota), NA
Original Creditor Acct #: XXXXXXXXXXXX6533
Fulton, Friedman & Gullace, LLP Acct #: 12-816837
Balance Due: $2284.80

Dear Yan  Korol:

Your unpaid account listed above has been referred to our office for collection.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

### IMPORTANT NOTICE

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume this debt to be valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt by a debt collector.  Any information obtained will be used for that purpose.**

Very truly yours,

Christine Shileikis
Collections Team (Non-Attorney)
Phone: 877-496-4802 Ext. 0
Fulton, Friedman & Gullace, LLP

Please be advised that our client, Asset Acceptance, LLC, has requested that we include the following message.

**Important Disclosure**
Federal law prohibits certain methods of debt collection, and requires that we treat you fairly.  You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt.  Sending such a letter does not make the debt go away if you owe it.  Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at PO Box 2123, Warren, MI 48090-2123, email us at consumercomplaints@fultonfriedman.com, or call us toll-free at 877-284-7493 between 9:00 am and 5:00 pm Eastern Standard Time, Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collections Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

***Detach Lower Portion and Return with Payment***                          127CGASSE02_OS_0100

Fulton, Friedman & Gullace, LLP Acct #: 12-816837
Balance Due: $2284.80

PO Box 2124
Warren MI 48090-2124

ADDRESS SERVICE  REQUESTED

January 22, 2013

12-816837-OS_0100      961995280                          Fulton, Friedman & Gullace, LLP
                                                          PO Box 2123
Yan  Korol                                                Warren MI 48090-2123
1957 Greymont St
Philadelphia PA 19116-3939

# EXHIBIT "B"

# KALIKHMAN & RAYZ, LLC
### ATTORNEYS AND COUNSELORS AT LAW

**1051 COUNTY LINE ROAD, SUITE "A"   HUNTINGDON VALLEY, PA 19006**
**PHONE: (215) 364-5030 ⟨᷈⟩ FAX: (215) 364-5029**

February 1, 2013

**Via Facsimile Only (813) 569-0877**

Fulton Friedman & Gullace, LLP
P.O. Box 2123
Warren, MI 48090-2123

       **RE:**  Yan Korol
            Your Acct No. 12-81637

To whom it may concern,

     Please be advised that this office represents Yan Korol, with respect to the alleged debt at issue.  First, you are hereby placed on notice that, unless explicitly authorized in writing by my office to the contrary, all future communications, directed to any alleged debtor of the above-referenced account, are to be directed to my office.  If you attempt to contact any alleged debtor in contravention of this directive, such actions will be deemed to be an attempt to interfere with an existing contractual relationship and will be prosecuted immediately.

     Second, other than what is stated in your recent correspondence, nothing has been provided to substantiate: (1) the amount of the alleged debt; (2) that your company was retained or authorized by anyone to collect upon said debt; or (3) that my client is personally responsible for said debt.  Therefore, by way of this correspondence, I ask that you provide my office with the following materials regarding the alleged debt:

- Copies of all credit applications, agreements, and/or contracts (signed or unsigned), as well as any amendments thereto;

- Copies of each monthly statement;

- A copy of the history of the above-referenced account;

- A detailed account of all payments made to the above-referenced account;

- A detailed account of how the amount of the alleged balance was calculated;

- A detailed account of all late charges, interest charges, collection charges, penalty charges, and/or "default" charges assessed to the above-referenced account;

- Any and all documents pursuant to which you and/or your client claim to be the owner of the alleged credit account, obligation, and/or indebtedness, including the complete "chain of title" to said credit account, obligation, and/or indebtedness.  This request includes any and all assignment, transfer, or sales contracts or agreement between original creditor or any assignee, and any other entity regarding this credit account, obligation, and/or indebtedness, for any purpose including (but not limited to) securitization, "pooling," servicing, and/or collecting on this credit account, obligation, and/or indebtedness;

- A detailed copy of all telephone logs related to the above-referenced account; and

- Copies of all retrievable information in computer storage that relate (in any way) to the above-referenced account.

As you can appreciate, until the above-referenced materials are provided, the alleged debt is disputed.  Therefore, any publication, reporting, or placement of any negative information with any credit reporting agency with respect to said debt shall be treated as a violation of the applicable state and federal law.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Eric Rayz, Esquire

ER/az

✕ ✕ ✕  Communication Result Report ( Feb. 1. 2013  8:39AM ) ✕ ✕ ✕
2)

Date/Time: Feb. 1. 2013  8:37AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 8324 | LAN-Fax Transmission | 8135690877 | P.  2 | OK | |

--------------------------------------------------------------------------

Reason for error
   E. 1) Hang up or line fail              E. 2) Busy
   E. 3) No answer                         E. 4) No facsimile connection
   E. 5) Exceeded max. E-mail size

**KALIKHMAN & RAYZ, LLC**
ATTORNEYS AND COUNSELORS AT LAW
1051 COUNTY LINE ROAD, SUITE "A"  HUNTINGDON VALLEY, PA 19006
PHONE: (215) 364-5030 (✦) FAX: (215) 364-5029

February 1, 2013

Via Facsimile Only (813)569-0877

Fulton Friedman & Gullace, LLP
P.O. Box 2123
Warren, MI 48090-2123

RE:  Yan Koral
      Your Acct No. 12-81637

To whom it may concern,

Please be advised that this office represents Yan Koral, with respect to the alleged debt at issue. First, you are hereby placed on notice that, unless explicitly authorized in writing by my office to the contrary, all future communications, directed to any alleged debtor of the above-referenced account, are to be directed to my office. If you attempt to contact any alleged debtor in contravention of this directive, such actions will be deemed to be an attempt to interfere with an existing contractual relationship and will be prosecuted immediately.

Second, other than what is stated in your recent correspondence, nothing has been provided to substantiate: (i) the amount of the alleged debt; (ii) that your company was retained or authorized by anyone to collect upon said debt; or (iii) that my client is personally responsible for said debt. Therefore, by way of this correspondence, I ask that you provide my office with the following materials regarding the alleged debt:

- Copies of all credit applications, agreements, and/or contracts (signed or unsigned), as well as any amendments thereto;

- Copies of each monthly statement;

- A copy of the history of the above-referenced account;

- A detailed account of all payments made to the above-referenced account;

- A detailed account of how the amount of the alleged balance was calculated;

- A detailed account of all late charges, interest charges, collection charges, penalty charges, and/or "default" charges assessed to the above-referenced account;

WWW.KALRAYLAW.COM

# EXHIBIT "C"

# FULTON FRIEDMAN & GULLACE, LLP

COLLECTIONS, CONSULTING & LITIGATION

LICENSED IN AZ, CA, DC, FL, IL, MD, MI, NJ, NY, OH, PA, TN, TX & VA

Toll Free (877) 276-2787
Fax (586) 834-1552
PO BOX 2123
WARREN MI 48090-2123

January 31, 2013

YAN KOROL
1957 GREYMONT ST
PHILADELPHIA PA 19116-3939

Re:  ASSET ACCEPTANCE, LLC Assignee of CITIBANK (SOUTH DAKOTA), NA
FFG File No.:  12-816837
Current Balance.: $2,296.23

Dear YAN  KOROL:

During a communication with our office, we were advised that you requested verification and/or disputed the balance due on the referenced account.  In that regard, please take note of the following:

| | |
|---|---|
| Current Owner of Account: | ASSET ACCEPTANCE, LLC |
| Original Creditor (if different): | CITIBANK (SOUTH DAKOTA), NA |
| Account Number: | XXXXXXXXXXXX-6533 |
| Open Date: | 6/1/1997 |
| Last Payment Date: | 6/2/2010 |
| Last Payment Amount: | $162.54 |
| Claim Balance Remaining: | $2,296.23 |
| Interest Due Remaining: | $250.20 |
| Costs/Disbursements Remaining: | $0.00 |
| Fees Remaining: | $0.00 |
| Judgment Date (if applicable): | |
| Judgment Amount (if applicable): | |

Additional documents relating to the referenced account have been requested, and will be forwarded to you upon receipt in the office.  Should you have any questions, please do not hesitate to contact this office.

Very truly yours,
FULTON, FRIEDMAN & GULLACE, LLP

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Please be advised that our client, Asset Acceptance, LLC, has requested that we include the following message.

**Important Disclosure**

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly.  You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt.  Sending such a letter does not make the debt go away if you owe it.  Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at PO Box 2123, Warren, MI 48090, email us at consumercomplaints@fultonfriedman.com, or call us toll-free at 877-284-7493 between 9:00 am and 5:00 pm Eastern Standard Time, Monday - Friday

The Federal Trade Commission enforces the Fair Debt Collections Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

CMP_0002 File No.: 12-816837

# EXHIBIT "D"

PO Box 2123
Warren, MI 48090-2123

ADDRESS SERVICE REQUESTED

XX FEB-04-13

Presort
First Class Mail
CombasPrice

U.S. POSTAGE >> PITNEY BOWES

ZIP 48093
02 1W
0001376332 FEB 04 2013

$ 000.38⁴



55 AQABL3B 19116